# Exhibit A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| M. Denise Tolliver, Pro Se | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. K18C-02-010 WLW |
| v. | ) | |
| Highmark BCBSD, Inc. | ) | Bench Trial Demanded |
| Defendants | ) | |

**COMPLAINT**

1. Plaintiff M. Denise Tolliver files this action against Highmark BCBSD, Inc. (Highmark) for damages for violation Delaware Discrimination in Employment Act ("DDEA") Subchapter III. Persons with Disabilities Employment Protections Del. C. Title 19 Section 720 et seq. for failure to accommodate and retaliation for engaging in protected activity as well as Breach of Implied Contract for denial of employee benefit and continued employment. Additional persons ("Temple professor" and "expectant mother") were admitted to group beginning August 26, 2014 having missed the first full day of training.

1

## **NATURE OF THE ACTION**

2. Highmark, an affiliate of Highmark Health, advertisement in the News Journal Classified states among other things, "WE'RE HIRING" and promises "Paid training and competitive salary/benefits".

3. Highmark classified ad provides a detailed Equal Employment Opportunity statement which reads as follows:

> "Highmark Health and its affiliates prohibit discrimination against qualified individuals based on their status as protected veterans or individuals with disabilities, and prohibit discrimination against all individuals based on their race, color, religion, sex, national origin, sexual orientation or any other category protected by applicable federal, state, and local law. Highmark Health and its affiliates take affirmative action to employ and advance in employment individuals without regard to race, color, religion, sex, national origin, protected veteran status or **disability**."

4. Defendant's hiring letter to Plaintiff details an employee benefit of Paid Time Off (PTO) as follows"

> "To balance your professional and personal life, Highmark Delaware provides employees with Paid Time Off (PTO) program to help meet your needs for time away from work."

5. Defendants failed to accommodate Plaintiff's disability and in retaliation refused to continue Plaintiff's employment for making a future leave request.

6. Defendants breached the implied contract having terminated Plaintiff's employment upon her making a future leave request; denying Plaintiff an employment benefit.

7. This Court has jurisdiction over Plaintiff's claims and EEOC issued its Notice of Suit Rights November 15, 2017. Delaware Department of Labor transferred Plaintiff's claim TOL060215X/17C-2015-00498 to EEOC on June 18, 2015.

8. This Court has subject matter jurisdiction over Plaintiff's complaint composed of State claims and venue jurisdiction as liquidated damages are in an amount less than $75,000.

7. Plaintiff is a resident of Camden, Delaware, who at all time relevant to this Complaint was an employee of Highmark.

8. Defendant Highmark is a State of Delaware Corporation (File Number 343307) and at all times relevant to this complaint, the employer of Plaintiff.

9. Defendant is subject to service of process at 800 Delaware Avenue, Wilmington, DE 19801 to David Holmberg, President and Chief Executive Officer while Defendant corporate file does not list a Registered Agent.

## BACKGROUND

9. Plaintiff's offer letter is dated August 6, 2014 with her start date being August 25, 2014 in the position of Associate Customer Service Rep at HDE Regulated Under 65 department for an hourly wage rate of $15.14.

10. Responsive to an email from Highmark Health Talent Team dated August 20, 2014, Plaintiff provided notice by telephone to 866-722-9839 of her

prearranged medical appointments which could not be rescheduled and was approved to report to work August 25, 2014. Defendants were aware of Plaintiff having a disability.

11. At work August 25, 2014 upon request by Nichole Fitzwater, Plaintiff again provided her request for leave by email for leave to attend medical appointments on September 5, 2014 to work until 12pm and September 9, 2014 to be absent a full day.

12. August 26, 2014 in reply to Plaintiff's request for leave by email from Patricia Hinkson, Plaintiff was asked to turn in her badge to Nichole Fitzwater and subsequently never contacted to return to work.

13. Plaintiff was not provided a reason for her termination.

### **CLAIMS AND DAMAGES**

14. Base upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### **COUNT I**
(Breach of Implied Contract)

15. Plaintiff incorporates herein by reference numbered paragraphs 1-14 above, as if specifically set forth herein.

16. By written agreement, Plaintiff was hired hourly wage employee eligible to participate in Highmark group benefit programs.

17. Prior to Plaintiff's start date, Defendants approved Plaintiff's request for leave to attend medical appointments.

18. After Plaintiff's start date, Defendants terminated Plaintiff upon her request for leave to attend medical appointments.

19. Defendants' willful, wanton actions deprived Plaintiff of employment rights and privileges.

20. Plaintiff is entitled to compensatory and punitive damages.

## COUNT II
(Disability and Retaliation)

21. Plaintiff incorporates herein by reference numbered paragraphs 1-20 above, as if specifically set forth herein.

22. It is not disputed that Defendants failed to accommodate Plaintiff's disability and that Plaintiff engaged in protected activity for making a leave request.

23. Defendants terminated Plaintiff after her start date upon her request to take leave in the future.

24. There is a temporal proximity between Defendants' actions adverse to Plaintiff.

25. Disability discrimination and retaliation is prohibited by State employment discrimination law whereby Plaintiff is entitled to compensatory, pecuniary, and punitive damages as well as attorney's fees and costs.

## **PRAYER FOR RELIEF**

Wherefore, for the forgoing reasons, Plaintiff M. Denise Tolliver prays that the Court upon verdict thereof enter judgment against Defendants for all damages awarded as a result of Defendant's deprivation of Plaintiff's rights under state law:

i. Enter judgment against the Defendant.

ii. Enter a declaratory judgment declaring the acts of Defendant's to be a violation of Plaintiff's rights.

iii. Enter judgment against Defendants for compensatory damages in favor of Plaintiff.

iv. Enter judgment against Defendant for punitive damages at an amount deemed appropriate by the court.

v. Enter a judgment against Defendant for Plaintiff's attorney fees and costs as well as pre and post judgment interest for this action.

vi. Require such other further relief as the Court deems just and proper under the circumstances.

_____
M. Denise Tolliver
Pro Se Plaintiff
109 Gardengate Road
Camden, DE 19934
mdtolliver@hotmail.com
Ph. (302) 242-1482

February 12, 2018