# Exhibit B

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. K18C-02-0010 WLW |
| | ) | |
| v. | ) | |
| | ) | |
| HIGHMARK BSBSD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant Highmark BSBSD, Inc., through its undersigned counsel, files this Motion to Dismiss the two-count complaint filed by Plaintiff M. Denise Tolliver under Superior Court Rule 12(b)(6).

1. This action arises out of Plaintiff's very brief employment with Highmark in August 2014. Plaintiff began working for Highmark on August 25, 2014. Compl. ¶ 9. As alleged in the complaint, she was "terminated" the next day after she was allegedly denied a request to use paid time off ("PTO").1 Id. ¶ 12.

2. Some ten months later, Plaintiff filed a charge of discrimination with the Delaware Department of Labor ("DDOL"). *Id.* at T003. The DDOL transferred the charge to the Equal Employment Opportunity Commission ("EEOC") after concluding that it lacked jurisdiction because "the charge alleges adverse employment which occurred **beyond the 120-day statute of limitations**

[1] In reality, Plaintiff was not terminated. She voluntarily resigned.

for filing a charge under state law[.]" *Id.* at T002 (emphasis added). Eventually, the EEOC issued a right to sue letter, advising Plaintiff that she could sue "**under federal law** based on this charge in federal or state court." *Id.* at T001 (emphasis added).

3. Plaintiff filed suit on February 12, 2018, alleging two claims against Highmark: (1) breach of implied contract (Count I); and (2) "disability and retaliation" (Count II) in violation of the Delaware Discrimination in Employment Act ("DDEA"), 19 Del. C. § 720 *et seq*. Compl. ¶ 1. In addition to being baseless,[2] both of these claims are untimely and should be dismissed.

## I. Legal Standard

4. Under Superior Court Rule 12(b)(6), a complaint can be dismissed if it "fails as a matter of law to state a claim on which relief can be granted." *Ramunno v. Cawley*, 705 A.2d 1029, 1031 (Del. 1998). In considering a motion to dismiss under Rule 12(b)(6), the court "must accept the well-pled factual allegations in the complaint as true and draw reasonable inferences from them in the plaintiff's favor." *Abraham v. Emerson Radio Corp.*, 901 A.2d 751, 758 (Del. Ch. 2006). "But 'neither inferences nor conclusions of law or fact are accepted as

---

[2] Plaintiff is a frequent *pro se* filer. *See, e.g.*, *Tolliver v. Trinity Par. Found.*, No. 17-2929, 2018 WL 566326, at *4 (3d Cir. Jan. 26, 2018) (affirming dismissal of action brought by Plaintiff against a former employer); *Tolliver v. Delmarva Found. for Med. Care et al.*, No. 1:17CV01776 (D. Del.) (action against a former employer removed from the Superior Court for New Castle County; motion to dismiss pending); *Tolliver v. Young Conaway Stargatt & Taylor LLP*, No. N17C-05-101 (Del. Super. Ct., New Castle Cnty.) (malpractice action against Plaintiff's former attorneys; motion to dismiss pending).

true without specific allegations of fact which support the conclusion.'" *Id.* (quoting *Haber v. Bell,* 465 A.2d 353, 357 (Del. Ch. 1983)).

## II. Argument

5. The complaint should be dismissed with prejudice in its entirety for the following reasons. First, Plaintiff's "implied contract" claim is time-barred under 10 Del. C. §8106 because it was not brought within three years of the alleged breach. This claim also fails because Plaintiff had no contractual right, implied or otherwise, to take PTO. Second, Plaintiff's DDEA "disability and retaliation" claim should be dismissed as untimely because Plaintiff did not file a charge with the DDOL within 120 days of the alleged averse employment practice.

### A. The Implied Contract Claim in Count I Should be Dismissed.

6. Plaintiff alleges that Highmark "breached the implied contract" by "terminating [her] employment upon her making a future leave request; denying [her] an employment benefit." Compl. ¶ 6. Not only is this claim time-barred, but it also fails because Plaintiff did not have a contractual right to the alleged "employment benefit."

#### 1. Plaintiff failed to bring suit within the three-year statute of limitations in 10 Del. C. § 8106.

7. The three-year statute of limitations in 10 Del. C. § 8106, which applies to any action "based on a promise," governs a claim for breach of implied contract. *See, e.g., Freedman v. Beneficial Corp.*, 406 F. Supp. 917, 922 (D. Del.

1975) (applying § 8106 to a breach of implied contract claim); *Slibeck v. Union Oil Co. of California*, No. CIV.A. 85C-FE-7, 1986 WL 11542, at *3 (Del. Super. Ct. Sept. 18, 1986) (explaining that "section 8106 was designed to encompass all contractual claims except for those specifically considered elsewhere"). The statute of limitations may be raised in a motion to dismiss where, as here, a complaint reveals on its face that a claim is untimely. *Kahn v. Seaboard Corp.*, 625 A.2d 269, 277 (Del. Ch. Ct. 1993).

8. Plaintiff alleges that she was terminated on August 26, 2014. But she did not file suit until February 12, 2018 – more than five months after the statute of limitations expired on August 26, 2017. Thus, her implied contract is untimely and must be dismissed with prejudice.

**2. Plaintiff lacked a contractual entitlement to the alleged "employment benefit."**

9. Even if Plaintiff's implied contract claim were timely, it should still be dismissed. While Plaintiff appears to believe that Highmark's classified job positing and hire letter gave her a contractual right to take PTO, she is wrong. Under Delaware law, "the unilateral statement of policy contained in an employee handbook [or related document] does not create an employment contract between the employer and the employee[,]" unless there is some form of consideration "such as detrimental reliance by the employee upon the representations made by the employer." *Kerly v. Battaglia*, No. 87C-OC-1, 1990 WL 199507, at *2 (Del.

Super. Ct. Nov. 21, 1990). Importantly, "something more than continued employment is required to constitute consideration." *Id.* at *4.

10. Plaintiff does not allege that she detrimentally relied on the statement regarding PTO in her hire letter. Nor does she allege any other basis upon which to find that she had a contractual right to take PTO during her training period. Therefore, there is no basis to find that Highmark breached an implied contract by denying her request to take time off, and this claim must be dismissed.

**B. The DDEA Claim in Count II Should be Dismissed because Plaintiff Did Not File a Charge with the DDOL within 120 Days.**

11. Under the DDEA, an employee can file suit in Superior Court only "after exhausting the administrative remedies" under the statute and receiving "a Delaware Right to Sue Notice[.]" 19 Del. C. § 714. To properly exhaust administrative remedies, an employee must file "a charge of discrimination within 120 days of the alleged unlawful employment practice[.]" 19 Del. C. § 712(c)(1).[3]

12. It is clear from the face of the complaint and attachments thereto that Plaintiff did not file a DDEA charge within that time period and never received a Delaware Right to Sue Notice. Indeed, as the letter attached to the complaint makes clear, the DDOL found Plaintiff's charge was not timely and transferred it

---

[3] Section 712(c)(1) has been amended to allow a claimant to file a charge within 300 days of the alleged adverse action. However, "the amendment only became effective on July 19, 2016" – more than a year after Plaintiff filed her charge. *Bomberger v. Benchmark Builders, Inc.*, No. CV 16-1071-RGA, 2017 WL 1377595, at *2 (D. Del. Apr. 13, 2017).

to the EEOC. *See* Compl. at T002. Having failed to timely file a DDEA charge and receive a Delaware Right to Sue Notice, Plaintiff cannot pursue this claim in court.

13. While Plaintiff did eventually receive a right to sue letter from the EEOC, that notice enabled her only to bring suit "under federal law." Compl. at T001. It did not, however, give Plaintiff the right to bring suit under the DDEA based upon her untimely DDOL charge. *See Bomberger v. Benchmark Builders, Inc.*, 2017 WL 1377595, at *3 (dismissing DDEA claim where DDOL determined that it did not have jurisdiction, transferred the charge to the EEOC, and the EEOC subsequently issued a right to sue letter because the "claim [was] time-barred").

## III. Conclusion

For these reasons, this Court should grant Highmark's motion and dismiss both counts of the complaint with prejudice.

Respectfully submitted,

*s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (#4711)
Buchanan Ingersoll & Rooney PC
919 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
geoffrey.grivner@bipc.com

Dated: March 20, 2018

*Attorneys for Defendant*

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. K18C-02-0010 WLW |
| | ) | |
| v. | ) | |
| | ) | |
| HIGHMARK BSBSD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION**

To: M. Denise Tolliver
109 Gardengate Road
Camden, DE 19934

PLEASE TAKE NOTICE that Defendant Highmark BSBSD, Inc.'s Motion to Dismiss will be presented at the convenience of the Court.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

*s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (#4711)
Buchanan Ingersoll & Rooney PC
919 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
geoffrey.grivner@bipc.com

Dated: March 20, 2018

*Attorneys for Defendant*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. K18C-02-0010 WLW |
| | ) | |
| v. | ) | |
| | ) | |
| HIGHMARK BSBSD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

AND NOW THE COURT, this _________ day of ______________, 2018, upon consideration of Defendant Highmark BSBSD, Inc.'s Motion to Dismiss, it is hereby ORDERED that the motion is GRANTED and that the complaint filed in C.A. No. K18C-02-0010 WLW is hereby DISMISSED WITH PREJUDICE.

______________________________
The Honorable William L. Witham Jr.

**CERTIFICATE OF SERVICE**

I, Geoffrey G. Grivner, do hereby certify that on this 20th day of March, 2018, a copy of this Motion to Dismiss was served via First Class mail upon the following:

M. Denise Tolliver
109 Gardengate Road
Camden, DE 19934

*/s/ Geoffrey G. Grivner*
Geoffrey G. Grivner