IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DENISE TOLLIVER,                  )
                                     )
            Plaintiff,               )
                                     )
     v.                              ) Civil Action No. 18-797-CFC
                                     ) Superior Court of the State of
HIGHMARK BCBSD, INC.,                ) Delaware in and for Kent County
                                     ) Case No. K18C-02-010 WLW
            Defendant.               )

M. Denise Tolliver, Camden, Delaware. Pro Se Plaintiff.

Geoffrey Graham Grivner, Esquire, Buchnan Ingersoll & Rooney P.C., Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

January 9, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Defendant Highmark BCBSD, Inc. ("Defendant"), filed a notice of removal on May 25, 2018 of *Tolliver v. Highmark BCBSD, Inc.*, Delaware State Court Case No. K18C-02-010 WLW. (D.I. 1). Plaintiff M. Denise Tolliver ("Plaintiff") appears *pro se*. On June 1, 2018, she filed a motion to remand the matter to State Court. (D.I. 5) The matter has been fully briefed. For the reasons discussed below, the Court will deny Plaintiff's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 2018, Plaintiff filed a two-count Complaint against Defendant in the Superior Court of the State of Delaware in and for Kent County ("Superior Court"), raising state claims for breach of contract and discrimination and retaliation under the Delaware Discrimination in Employment Act ("DDEA"), 19 Del. C. § 720, *et seq.* (*See* D.I. 1-1) Defendant moved to dismiss on the grounds that the breach of contract claim was time-barred, the DDEA claims were not timely raised before the Delaware Department of Labor ("DDOL"), and Plaintiff had never received a right to sue letter from the DDOL. (*See* D.I. 1-2)

The Superior Court granted the motion to dismiss and gave Plaintiff leave to amend to raise the discrimination and retaliation claims under federal law. (*See* D.I. 1-3) Plaintiff filed an Amended Complaint on May 14 2018 and raised discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* (*See* D.I. 1-4) Defendant removed the matter to this Court on May 25, 2018. (D.I. 1)

On June 1, 2018, Plaintiff filed a motion to remand on the grounds that the filing lacks a true and correct copy of all process, pleadings and orders served on defendant,[1] it is untimely, and Defendant waived its right to removal when it filed its motion to dismiss the original complaint. (D.I. 5)

## II. LEGAL STANDARDS

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) and § 1446 both provide that the action may be removed by the defendant to the district court of the United States. *Id.* at §§ 1441(a), 1446. The removal statutes are strictly construed, and require remand to State court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

---

[1] Plaintiff does not indicate what is lacking. Defendant provided the Court with the Complaint, its motion to dismiss, the Superior Court's May 10, 2018 order, and the Amended Complaint raising federal claims that was served on it on May 14, 2018.

2

## III. DISCUSSION

### A. Timeliness

Plaintiff contends that Defendant's notice of removal is untimely because the Complaint was filed in the Superior Court on February 12, 2018, and Defendant did not seek removal of the action until May 25, 2018, well after the thirty-day deadline imposed by 28 U.S.C. § 1446(b)(1). (D.I. 5 at 1) In response, Defendant contends its notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it was filed within thirty days from May 14, 2018 when Plaintiff filed her Amended Complaint that raised federal claims for the first time. (D.I. 8 at 1)

The defendant bears the burden of showing the timeliness of removal under § 1446(b). *See Mims v. 84 Lumber Co.*, 2013 WL 4775306, at *2 (D. Del. Sept. 6, 2013) (citing *Scearce v. 3M Co.*, 2013 WL 2156060, at *3 (D.N.J. May 16, 2013)). Section 1446(b) provides that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If the basis for removal is not set forth in the initial pleading, however, a defendant must remove within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Accordingly, when grounds for removal arise in the initial pleading, an action must be removed within thirty days of receipt of the initial pleading. If, however, the initial pleading does not give rise to grounds for removal, then the thirty days begins to

3

run after receipt of a subsequent document setting forth grounds that warrant removal. See *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000) ("[T]he purpose of the removal statute [is] to encourage prompt resort to federal court when a defendant first learns that the plaintiff is alleging a federal claim.").

The notice of removal was timely filed having been filed well within the thirty-day time-frame from the filing of Plaintiff's Amended Complaint. Plaintiff raised federal claims for the first time in the Amended Complaint. Only then could Defendant ascertain that the case had become removable. Plaintiff's motion to remand on this ground will be denied.

**B. Waiver**

Plaintiff's claim that Defendant waived its right to removal fares no better. She contends that Defendant waived its right to remove when it filed a motion to dismiss the original complaint in the Superior Court. In litigation, a defendant's waiver of removal rights must be "clear and unequivocal." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1218 n.15 (3d Cir. 1991).

Courts typically find that a defendant has waived his right to remove a case under one of two scenarios: (1) when a defendant "attempts to experiment with the merits of the case in state court and then uses removal to get a second chance or 'alternative appeal' route in federal court," *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 863 (W.D. Pa. 1976) (citing *Rosenthal v. Coates*, 148 U.S. 142, 147 (1893)); or (2) where the defendant takes affirmative action evincing an intent to remain in state court, *Mancari v. AC & S Co., Inc.*, 683 F. Supp. 91, 94 (D. Del. 1988). "The majority of courts seem to have held that preliminary conduct by a defendant short of his actual

4

litigation of the merits or his voluntary invocation of state court jurisdiction for his own purposes does not constitute a waiver of his right to remove." *Haun*, 420 F. Supp. at 863. "District courts in our Circuit have found that waiver has not been established when defendants attend and participate in a scheduling conference, file preliminary objections, file a praecipe to file a complaint and a praecipe for judgment of non pros, and file an answer." *Cognetx, Inc. v. Haughton*, 2010 WL 3370761, at *6 (E.D. Pa. Aug. 26, 2010). Also considered is the timing of a defendant's conduct. "It is clear that the stage the case is in should be and is crucial when analyzing whether there has been a waiver of the right to remove. For example, filing a pleading in the early stages of litigation may not be as clear and unequivocable an act as continuing to present evidence in a trial." *Mancari*, 683 F. Supp. at 94-95.

Here, Defendant filed a motion to dismiss in the early stages of the litigation and at a time when the matter was not removable. Where the "actions in state court by defendant . . . were taken before it was unequivocally apparent that the case was removable," they do not constitute waiver of the right to remove. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). Defendant did not waive its right to remove this action and, therefore, the motion to remand on the issue of waiver will be denied.

## IV CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion to remand. (D.I. 5) An appropriate Order will be entered.