M. Denise Tolliver
109 Gardengate Road
Camden, DE 19934-9649
mdtolliver@hotmail.com
(302) 242-1482



January 12, 2019

The Honorable Colm F. Connolly
U.S. District Court for the District of Delaware
844 N. King Street
Unit 18
Wilmington, DE 19801

      RE: Remand Reconsideration (Case No. 18-797-CFC)

Dear Judge Connolly:

Upon information and belief, Dan McGannon, Office of Anti-Discrimination Administrator erred in his determination that charging party had 120 days rather than 300 days to file her state claim; exceeding filing statute of limitations. Date of termination was August 26, 2014 and charge filing date was June 2, 2015, a period of 287 days. Federal right to sue letter attached to state complaint date-stamped February 12, 2018 shows lawsuit can be filed in either federal or state court.

The Delaware Department of Labor's Office of Anti- Discrimination (the "DDOL") has the exclusive jurisdiction to investigate employees' state law claims of discrimination or retaliation made against their employer. Prior Delaware law provided that for charges based solely on Delaware state law, employees must file their charge of discrimination with the DDOL within 120 days of the alleged unlawful employment action committed by their employer, setting forth a concise statement of facts, in writing, verified and signed by the employee or applicant for employment. Under Senate Bill No. 214 signed into law 7/19/16, employees and applicants have 300 days to file such charges against employers. The legislature's intent was to make Delaware's statute of limitations consistent with the statute of limitations under federal discrimination law. The employees who benefitted from the change in the Delaware law are those who work for employers with fewer than 15 employees, as they were not protected by federal anti-discrimination laws and only had 120 days to file a charge of discrimination.

As in charge TOL060215, employees and applicants already had the ability to file a charge of discrimination with the DDOL within 300 days, as long as they are simultaneously filing their charge with the EEOC under federal anti-discrimination law, which is accomplished by simply checking a box on the charge form. In reality, most employees automatically file charges with both the EEOC and the DDOL, and as a result, most employees already had 300 days to bring their claim against their employer.

For the above reasons, I respectfully request that the Court reconsiders my remand motion.

Respectfully submitted,

*[signature]*

M. Denise Tolliver, Pro Se

cc. Geoffrey Grivner, Esquire, Buchnan Ingersoll & Rooney P.C.



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
OFFICE OF ANTI-DISCRIMINATION
4425 N. MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

June 18, 2015

Ms. Denise M. Tolliver
109 Gardengate Road
Camden, DE 19934

HIGHMARK BCBSD INC.
Attn: HR Manager
800 Delaware Ave
Wilmington, DE 19801

RE:   TOLLIVER V. HIGHMARK BCBSD INC.
      Case No.: TOL060215X / 17C-2015-00498

Dear Parties:

Please be advised that the Office of Anti-Discrimination of the Delaware Department of Labor is transferring the above-captioned Charge of Discrimination to the Equal Employment Opportunity Commission (EEOC) office in Philadelphia because it has been determined that the charge alleges adverse employment which occurred beyond the 120-day statute of limitations for filing a charge under state law and this agency has no jurisdiction.

You may contact this office at (302) 761-8200 should you have any questions about the transfer, but going forward please contact the EEOC office at (215) 440-2603, about the status of your charge.

Sincerely,

Dan McGannon, Administrator
Office of Anti-Discrimination

DMcG/nk
Enclosure

T002

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>TOL060215<br>17C-2015-00498 |
|---|---|---|

Delaware Department of Labor _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. M. Denise Tolliver** | Home Phone (Incl. Area Code)<br>(302) 697-1373 | Date of Birth |
|---|---|---|

Street Address: **109 Gardengate Road, Camden, DE 19934**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**HIGHMARK BCBSD INC.** | No. Employees, Members<br>**15 - 100** | Phone No. (Include Area Code) |
|---|---|---|

Street Address: **800 Delaware Ave, Wilmington, DE 19801**

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-26-2014   Latest: 08-26-2014
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Jurisdiction:** Charging Party worked for Respondent (DE employer; 100 + employees) as an Associate Customer Service Rep from August 6, 2014 until her discharge on August 26, 2014. Charging Party asserts that she is a qualified individual with a disability that is able to perform the essential functions of the job with or without a reasonable accommodation. Charging Party presented this discrimination complaint to DDOL on June 2, 2015.

**Charging Party's protected class:** Disability, Retaliation
**Adverse employment action:** Failure to Accommodate, Discharge

**Brief statement of allegations:** Charging Party asserts that she was discriminated against based on her disability and in retaliation for engaging in protected activity. Specifically, Charging Party asserts that Respondent failed to provide her with a reasonable accommodation after she requested time off due to her disability. Charging Party asserts that Respondent requested that she turn her badge in on August 26, 2014 and then notified that she would no longer be returning to work on December 16, 2014. Charging Party believes that she was discharged for requesting days off for her disability.
**Respondent's explanation:** Unknown

**Applicable law(s):** The Americans With Disabilities Act as amended
**Comparator(s) or other specific reason(s) for alleging discrimination:** N/A
Nothing further follows.

LORELL T. STURGIS-CLAY
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires Upon Office

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Date: 6/11/15  Charging Party Signature: M. Tol—

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): 6/11/15

T003

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Denise M. Tolliver<br>109 Gardengate Road<br>Camden, DE 19934 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2015-00498 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     11/15/17

Kevin J. Berry,     *(Date Mailed)*
Acting District Director

Enclosures(s)

cc:   Lisa Coleman
Human Relations Representative
HIGHMARK BCBSD, INC.
800 Delaware Avenue
Wilmington, DE 19801

**T001**

SPONSOR: Sen. Peterson & Rep. J. Johnson
Sens. Bushweller, Henry, Marshall; Reps. Baumbach, Briggs King, Kowalko, Lynn, Mulrooney, Potter, K. Williams

DELAWARE STATE SENATE
148th GENERAL ASSEMBLY

SENATE BILL NO. 214

AN ACT TO AMEND TITLE 19 OF THE DELAWARE CODE RELATING TO DISCRIMINATION IN EMPLOYMENT.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

1  Section 1. Amend § 712, Title 19 of the Delaware Code by making deletions as shown by strike through and
2  insertions as shown by underline as follows:
3  § 712 Enforcement provisions; powers of the Department; administrative process.
4  (c) The administrative process requires the following:
5  (1) *Statute of limitation and filing procedure.* — Any person claiming to be aggrieved by a violation of this
6  chapter shall first file a charge of discrimination within ~~120 days~~ 300 days of the alleged unlawful employment practice
7  or its discovery, setting forth a concise statement of facts, in writing, verified and signed by the charging party. The
8  Department shall serve a copy of the verified charge of discrimination upon the named respondent by certified mail.
9  The respondent may file an answer within 20 days of its receipt, certifying that a copy of the answer was mailed to the
10 charging party at the address provided.

## SYNOPSIS

This Act increases the amount of time provided to a person seeking to file a charge of employment discrimination from 120 days to 300 days, making Delaware's statute of limitation consistent with the statute of limitations under federal discrimination law.

Author: Senator Peterson

Page 1 of 1

LC : MJC : RAY
4801480117

Mar 23, 2016

M. Denise Tolliver
109 Gardengate Road
Camden, DE 19934-9649

WILMINGTON DE 197
14 JAN 2019 PM 1 T

Office of the Clerk
Attn: Hon. Colm F. Connolly
United States District Court of Delaware
844 N. King Street, Unit 18
Wilmington, DE 19801-3510

FILED
JAN 15
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

19801$3570 C012