IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DENISE TOLLIVER,

    Plaintiff,

v.

HIGHMARK BCBSD, INC.,

    Defendant.

Civil Action No. 18-797-RGA

## MEMORANDUM ORDER

Plaintiff requests that I reconsider a previous order denying remand to state court. (D.I. 19). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion ... must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019).

Plaintiff's request for reconsideration of the remand order focuses exclusively on the state court's dismissal of her state law claims. (D.I. 19). However, the state court's dismissal of Plaintiff's state law claims is irrelevant to the merits of removal to Federal Court. By pleading claims under the ADA, a federal law, Plaintiff rendered the action removable. 28 U.S.C. §§ 1441, 1446. As the Court previously found, "The notice of removal was timely filed having been

1

filed will within the thirty-day time-frame from the filing of Plaintiff's Amended Complaint."
(D.I. 16 at 4). Nothing in Plaintiff's letter alleges a clear error of law in the Court's previous decision, any change in intervening law, or the availability of new evidence as to the timeliness or waiver of removal.

Therefore, I decline to reconsider the Court's order denying remand.

Entered this 13 day of May, 2019.

Richard G. Andrews
United States District Judge